IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. LEE BAGGOTT<br>550 Chagrin River Road<br>Gates Mills, Ohio 44040 | )<br>)<br>) | CASE NO.:<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| BLOOMINGTON MEDICAL<br>SERVICES, LLC<br>1761 Beall Avenue<br>Wooster, Ohio 44691 | )<br>)<br>)<br>)<br>) | (Jury Demand Endorsed<br>Herein) |
| and | )<br>) | |
| WOOSTER COMMUNITY HOSPITAL<br>1761 Beall Avenue<br>Wooster, Ohio 44691 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, by and through undersigned counsel, as her Complaint against

Defendants, states and avers the following:

### INTRODUCTION

1. Plaintiff is a resident of the village of Gates Mills, county of Cuyahoga, and state

   of Ohio.

2. Defendant Bloomington Medical Services, LLC ("BMS") is a domestic corporation

   with its principal place business located at 1761 Beall Avenue, Wooster, Ohio

   44691

3. BMS is an employer, pursuant to 42 U.S.C. § 2000e.

4. At all times material herein, BMS was Baggott's "employer" within the meaning of Ohio Rev. Code § 4112.

5. Defendant Wooster Community Hospital ("WCH") is a is a domestic corporation with its principal place business located at 1761 Beall Avenue, Wooster, Ohio 44691

6. WCH is an employer, pursuant to 42 U.S.C. § 2000e.

7. At all times material herein, WCH was Baggott's "employer" within the meaning of Ohio Rev. Code § 4112.

8. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Baggott is alleging federal law claims under the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

9. All material events alleged in this Complaint occurred in Wayne County.

10. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

11. Within 300 days of the conduct alleged below, Baggott filed a Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge Nos. 532-2023-03868 and 532-2023-03870, which were dual filed with the Ohio Civil Rights Commission ("OCRC").

12. On March 5, 2026, Baggott received Right to Sue letters, dismissing Charge Nos. 532-2023-03868 and 532-2023-03870, in accordance with 42 U.S.C. 2000e-5(f)(1).

2

13. Baggott has properly exhausted her administrative remedies.

14. Baggott files this Complaint within 90 days of receiving her Right to Sue letter from the EEOC.

15. This Court has supplemental jurisdiction over any state law claim pursuant to 28 U.S.C. § 1367.

16. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

17. Dr. Baggott incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

18. Dr. Baggott was hired by Defendants in December 2022.

19. Shortly after commencing employment with Defendants, Dr. Cyril Ofori, Dr. Baggott's clinical supervisor, told her, "It's clear that you're a competent, confident woman. That could rub some people the wrong way."

20. Dr. Baggott experienced significant disparate treatment based on her gender during her employment with Defendants.

21. In December 2022, Dr. Baggott was not scheduled any ICU time. On December 12, 2022, Nursing Manager and C.O.O. Diana Everidge explained to Dr. Baggot was that "[w]e originally planned it as you said but the guys told me that they wanted more [time]."

22. Because Dr. Baggott was scheduled fewer ICU opportunities than her male colleagues, she also had less opportunity to read pulmonary function tests, even

those of her own patients, because Defendant's practice is that the physician assigned to the ICU is also assigned to read pulmonary function tests.

23. Defendants did not even provide Dr. Baggott with a key to the pulmonary function test lab until July of 2023, over nine months into her tenure.

24. Beginning in May of 2023, a video of Defendants' physicians that was played on a loop in the hospital lobby was reverted to an older version that included Dr. Baggott's male coworkers but not her. That video remained on the lobby video screen for the balance of Dr. Baggott's time with Defendants.

25. A marketing video featuring Dr. Baggott, created when she began her employment, was never uploaded to the hospital website, despite the fact that videos of all of the male physicians were displayed.

26. While Dr. Baggott was provided no orientation prior to her first use of the operating room and faced significant hurdles enlisting help from the office staff to schedule operating room time, she witnessed a male comparator secure operating room time simply by messaging office staff to "schedule a colonoscopy."

27. It was not until June of 2023 that anyone even provided Dr. Baggott with an orientation of the operating room and its protocols.

28. While some of Dr. Baggott's co-physicians were civil, this was not the case with Dr. Bruce Arthur. Without fail, when Dr. Baggott entered a room while Dr. Arthur and other physicians were discussing the practice, the conversation either fell silent or, in some cases, Dr. Arthur left the room entirely. When Dr.

4

Baggott brought this up with Diane Everage, her response was "that's just Bruce being Bruce."

29. Dr. Ofori, who told Dr. Baggott that being a confident female physician might cause her problems, also cautioned Dr. Baggott to "watch out for Bruce," just weeks prior to Dr. Baggott's termination.

30. Dr. Arthur is the practice physician ultimately responsible for not just the ICU, but also information technology.

31. Dr. Baggott frequently experienced outages with her practice email account. Despite promptly contacting IT, weeks sometimes passed before the outages were remedied. This in turn, made it even more difficult for Dr. Baggott to perform her job.

32. On or about July 5, 2023 Dr. Baggott complained to Everage about Dr. Arthur's bias against her because she is a female physician.

33. One week after complaining about gender discrimination, Defendants terminated Dr. Baggott.

## COUNT I: GENDER DISCRIMINATION

34. Dr. Baggott incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

35. Dr. Baggott is female.

36. Throughout her employment, Dr. Baggott was fully competent to perform the duties of her position at BMS and WCH.

37. Under Title VII and Ohio Rev. Code § 4112.02, it is unlawful for an employer to discriminate against an employee on the basis of gender.

38. BMS and WCH discriminated against Dr. Baggot in respect to the terms and conditions of her employment, on the basis of gender.

39. As a direct and proximate result of BMS and WCH's wrongful conduct, Dr. Baggott suffered and will continue to suffer damages

40. Baggott has suffered and will continue to suffer pecuniary damages.

## COUNT II: RETALIATION

41. Baggott incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

42. Defendants terminated Baggot in retaliation for Baggott's engagement in activity protected by Ohio Rev. Code § 4112, and Title VII.

43. Defendants' termination of Baggott was in contravention of Ohio Rev. Code § 4112, and Title VII.

44. As a result of Defendants' unlawful conduct Baggott has suffered and will continue to suffer pecuniary damages.

## PRAYER FOR RELIEF

Plaintiff seeks judgment against each Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, interest, all reasonable attorney's

6

fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

s/ Peter C. Mapley
Peter C. Mapley (0092359)
Claire I. Wade (0093174)
WADE MAPLEY, LLC
65 Erieview Plaza, Ste 610
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
peter@wademapley.com
claire@wademapley.com

*Attorneys For Plaintiff*

8

## JURY DEMAND

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

s/ Peter C. Mapley
Peter C. Mapley (0092359)

*An Attorney for Plaintiff*

8